

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00305-CR

---

KENNON SHAW, APPELLANT

V.

THE STATE OF TEXAS

---

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. DC-2022-CR-0694, Honorable William R. Eichman II, Presiding

---

April 2, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Having been charged by indictment with murder,[1] Appellant Kennon Shaw entered an open plea of guilty to shooting and killing a bouncer at the Angelwitch Cabaret in Lubbock, Texas. Punishment was tried to the court which, following Appellant's plea of true to two enhancement paragraphs, imposed a sentence of confinement in prison for

---

[1] See TEX. PENAL CODE ANN. § 19.02(b)(1).

life.  This appeal followed.  Appellant's counsel has filed a motion to withdraw, supported by an *Anders*[2] brief.  We grant counsel's motion and affirm the judgment of the trial court.

Appellant's counsel has certified that she conducted a conscientious examination of the record and, in her opinion, the record reflects no reversible error upon which an appeal can be predicated.  *Anders*, 386 U.S. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).  Via an explanatory letter to Appellant, counsel provided Appellant with her motion to withdraw, a copy of her *Anders* brief, a copy of the record, and a pro se motion for access to the appellate record if needed.  *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief).  By letter, this Court also advised Appellant of the right to file a pro se response to counsel's *Anders* brief.  Appellant has not filed a response or otherwise communicated with the Court.

We have carefully reviewed counsel's *Anders* brief and conducted an independent review of the record to determine whether there are any nonfrivolous issues that were preserved in the trial court which might support an appeal.  *See Penson v. Ohio,* 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969).  Following our review of the appellate record and counsel's brief, we conclude there are no grounds for appellate review that would result in reversal of Appellant's conviction or sentence.

---

[2] *See Anders v. California*, 386 U.S. 738, 744 (1967).

2

**Modification of the Judgment**

The judgment contains one matter that we have authority to correct. The judgment orders in part, "An additional fee will be added if the Court Costs are not paid within 31 days of this judgment. The fee will be $25 if the offense date is before January 1, 2020, and $15 if the offense date is January 1, 2020 and after."

Texas Code of Criminal Procedure article 102.030(a) provides: "A person convicted of an offense shall pay a reimbursement fee of $15 if the person: (1) has been convicted of a felony or misdemeanor; and (2) pays any part of a fine, court costs, or restitution, or another reimbursement fee, on or after the 31st day after the date on which a judgment is entered assessing the fine, court costs, restitution, or other reimbursement fee." TEX. CODE CRIM. PROC. ANN. art. 102.030(a).

In the present matter, the judgment was signed August 16, 2023; Appellant's notice of appeal was filed on August 31, 2023. The Court of Criminal Appeals has held that a defendant's appeal suspends the duty to pay fines, court costs, and restitution; therefore, assessment of a time payment fee before the appellate mandate issues is premature. *Dulin v. State,* 620 S.W.3d 129, 132–33 (Tex. Crim. App. 2021). A time payment fee may be assessed if an appellant fails to pay all fines, court costs, and restitution owed within the statutory period. *Dulin,* 620 S.W.3d at 133. A court of appeals has authority to modify an incorrect judgment when it has the necessary information to do so. *Campos-Dowd v. State,* No. 07-20-00342-CR, 2021 Tex. App. LEXIS 4553, at *7 (Tex. App.—Amarillo June 9, 2021, no pet.) (per curiam) (citing TEX. R. APP. P. 43.2(b); *Bigley v. State,* 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993)). As mandate has not yet issued, we delete without

3

prejudice to subsequent assessment the time payment fee assessed in the judgment. *See Pruitt v. State,* 646 S.W.3d 879, 885–86 (Tex. App.—Amarillo 2022, no pet.) (so holding).

## Conclusion

Counsel's motion to withdraw is granted.  As modified, the trial court's judgment is affirmed.[3]

Lawrence M. Doss<br>
Justice

Do not publish.

---

[3] Counsel shall, within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review.  *See* TEX. R. APP. P. 48.4.  This duty is an informational one, not a representational one.  It is ministerial in nature, does not involve legal advice, and exists after this Court grants counsel's motion to withdraw.  *In re Schulman*, 252 S.W.3d at 411 n. 33.